Matthew E. Roston, SBN 265944
Schuyler B. Sorosky, SBN 265367
**ROSTON LAW GROUP, APC**
9454 Wilshire Boulevard, Suite 850
Beverly Hills, California 90212
Tel. (310) 550-6221
Fax (310) 246-0305
matt@rostonlegal.com

Attorneys for Plaintiff, KARINE KAPLAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINE KAPLAN,<br><br>    Plaintiff,<br><br>vs.<br><br>KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V., and DOES 1 through 20, inclusive,<br><br>    Defendants. | CASE NO. 2:24-cv-01582<br><br>**COMPLAINT FOR DAMAGES UNDER THE MONTREAL CONVENTION**<br><br>**DEMAND FOR A JURY TRIAL** |

   COMES NOW, Plaintiff KARINE KAPLAN for causes of action against defendants, and each of them, complains and alleges as follows:

## PARTIES

   1.   Plaintiff, Karine Kaplan ("*Plaintiff*"), is an individual who is, and at all relevant times was, a resident of Los Angeles County, California.

1

COMPLAINT

2. At all times mentioned in this Complaint, the Defendant, KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V. ("**KLM**"), is a corporation formed in the Netherlands whose principal address is in New York, New York. KLM is a foreign air carrier that performs and conducts business in the County of Los Angeles, California and operates scheduled passenger airline services throughout the world including Los Angeles International Airport ("**LAX**").

3. Plaintiff does not know the true names of defendants DOES 1 through 20, inclusive, and therefore sues them by those fictitious names.

## JURSIDICTION & VENUE

4. Subject matter jurisdiction is proper under 28 U.S.C. §1331, in that this action arises from a treaty agreement, namely the Convention for the Unification of Certain Rules Relating to International Carriage by Air, opened for signature on May 18, 1999, reprinted in S. Treaty Doc. 106-45 at 27 (2000) 1999 WL 33292734 (entered into force November 4, 2003) (treaty), commonly referred to as the Montreal Convention.

5. The events giving rise to Plaintiff's cause of action occurred within this federal judicial district and venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## THE MONTRAEL CONVENTION

6. The United States contracted with the Montreal Convention in part to recognize the importance of insuring protection of the interests of consumers in international carriage by air and the need for equitable compensation based on the principle of restitution. Article 17(1) of the Montreal Convention states: "The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations or disembarking."

///
///

## COUNT ONE – CAUSE OF ACTION UNDER ARTICLE 17 OF THE MONTRAEL CONVENTION – MARCH 2022 INCIDENT

7. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 6 of her Complaint as if the same were set forth verbatim herein.

8. On or about March 16, 2022, Plaintiff took a three-leg trip to Dubai originating from LAX. Plaintiff took a flight from LAX to San Francisco International Airport, then a flight to Amsterdam Airport Schipol in the Netherlands and then a flight to Dubai International Airport.

9. The first subject incident occurred while Plaintiff was in the air travelling from San Francisco to Amsterdam on KLM flight KL7003. As a direct legal and proximate cause of the negligence, wrongful act(s), or omission(s) of defendants' employees, agents or servants, a heavy shoe was caused to and did become dislodged and fell and struck Plaintiff in the head due to improper packing, improper checking of overhead bin containers, and failure to secure overhead bin containers for flight. This caused Plaintiff serious and permanent physical injury and distress, in damage both present and future, for continued medical care, compensation and financial loss.

## COUNT TWO – CAUSE OF ACTION UNDER ARTICLE 17 OF THE MONTRAEL CONVENTION – MAY 2022 INCIDENT

10. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 9 of her Complaint as if the same were set forth verbatim herein.

11. On or about May 26, 2022, Plaintiff took a two-leg trip in which Plaintiff was travelling from France back to her home in Los Angeles County, California. Plaintiff first took a flight from France to to Amsterdam Airport Schipol and then a flight to LAX.

12. The second subject incident occurred while Plaintiff was in the air travelling from Amsterdam to LAX on KLM flight KL1228. As a direct legal and proximate cause of the negligence, wrongful act(s), or omission(s) of defendants' employees, agents or

servants, a KLM flight attendant caused materials to fall on to Plaintiff's head as the flight attendant improperly passed a tray over Plaintiff's body as Plaintiff was in her seat causing serious and permanent physical injury and distress, in damage both present and future, for continued medical care, compensation and financial loss.

13. WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For general damages in an amount in excess of the minimum jurisdictional limits of this Court;
2. For the reasonable value of such medical expenses, surgery expenses, laboratory procedures, hospitalization, physical therapy, nursing care and attention;
3. For loss of earnings and earning capacity, both past and future, according to proof;
4. For interest on Plaintiff's damages as allowed by law;
5. For costs of suit incurred herein; and
6. For such other and further relief as this Court may seem just and proper.

Dated: February 27, 2024                    **ROSTON LAW GROUP, APC**

By: /s/ Matthew E. Roston_____
Matthew E. Roston

Attorneys for Plaintiff,
KARINE KAPLAN

**PLAINTIFF HEREBY DEMANDS A TRIAL BY A JURY**